In re Alan James MISHLER,
M.D., Debtor.

EPSTEIN, EPSTEIN AND LOZOW, a
Professional corporation, Plaintiff,

v.

Alan James MISHLER, M.D.,
Defendant.

**Bankruptcy No. BK-R-85-00215.**
**Adv. No. 85-0061.**

United States Bankruptcy Court,
D. Nevada.

Sept. 5, 1986.

See also, Bkrtcy., 64 B.R. 318.

Shawn B. Meadow, Woodburn, Wedge, Blakey & Jeppson, Reno, Nev., for plaintiff.

Lawrence J. Semenza, Reno, Nev., for defendant.

## MEMORANDUM DECISION AND ORDER IMPOSING SANCTIONS ON DEBTOR'S ATTORNEY

JAMES H. THOMPSON, Bankruptcy Judge.

Plaintiff moved on January 29, 1986, for imposition of sanctions against the debtor and debtor's counsel for additional costs plaintiff incurred by reason of their failure to adhere to the Stipulation filed October 29, 1985. A review of the docketed events leading to this motion for sanctions follows:

The Stipulation provided for the submission for decision by the court of this adversary proceeding upon briefs and enumerated evidence. The briefing schedule adopted therein required the defendant's answering brief be filed ten days after the plaintiff filed its opening brief. Plaintiff filed its opening brief October 29, 1985. Allowing time from the date of mailing of the brief on October 30th, defendant's answering brief was due November 13th. Instead of timely filing the defendant's answering brief, the debtor's attorney on November 18, 1985, filed a Motion to Withdraw as Counsel. The plaintiff filed its Opposition to the Motion to Withdraw as Counsel on November 20, 1985, principally on the ground that debtor's attorney was bound by the Stipulation to continue to represent his client by adhering to the briefing schedule. The plaintiff also on November 20th moved for submission on the plaintiff's brief only. Debtor's attor-

ney responded to the opposition to his withdrawal that he had a conflict of interest with his client by virtue of a legal malpractice action having been filed against him in the state district court on August 5, 1985.

Debtor filed on December 4, 1985, his answering brief. On December 11, 1985, the plaintiff filed his opposition to the filing of such brief and opposing consideration of such brief by the court. The court advised counsel by letter of January 21, 1986, that since it should attempt to arrive at an informed legal decision it would consider defendant's brief and plaintiff could file a reply brief, which plaintiff did.

The debtor's attorney opposes a motion for sanctions upon the ground of conflict of interest with his client and that his failure to file timely the brief was due to excusable neglect and inadvertence.

The court is troubled by the fact that debtor's attorney entered into the October 29th Stipulation more than two months after having been sued by his client's insurance company, and further, by the absence of any mention of that litigation and alleged conflict in his affidavit in support of his motion to withdrawal some three weeks later. Had counsel promptly filed a motion to withdraw and had not stipulated, none of the actions, motions and responses would have occurred. On the other hand, this adversary proceeding has been determined by this court, indeed in the plaintiff's favor. This came about by debtor's counsel recognizing, belatedly, his duty to represent his client until relieved of that representation by the court.

While it is true that plaintiff has been inconvenienced, and incurred additional expense because of this delay, no one has mentioned the added work thrust upon an already busy court simply because the motion to withdraw was not timely filed and a Stipulation was not timely honored.

The Court finds the debtor had no role in bringing about the recounted events. The motion for sanctions against debtor's attorney is granted and he is or-

dered to pay the sum of $328.00 to the plaintiff.